# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

PAMELA THAYER-BALLINGER,     )
                                )
    Plaintiff,               )
                                )
    vs.                     )   CAUSE NO.  1:11-cv-745-WTL-TAB
                                )
UNITED STATES POSTAL SERVICE,   )
                                )
    Defendant.              )

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on a motion to dismiss filed by Defendant the United States Postal Service ("USPS").  The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

Plaintiff Pamela Thayer-Ballinger alleges that her employer, the USPS, failed to pay her for 297 hours of "straight time" and 196 hours of "premium time" that she worked in 2010 and that this failure violated the Indiana Wage Payment Statute, Ind. Code 22-2-5-1, et seq.  In the instant motion, the USPS advances several reasons why it believes Thayer-Ballinger's complaint must be dismissed.  For the reasons set forth below, the Court finds that the USPS misses the mark with each of its arguments.[1]

First, the USPS purports to raise "the defense of sovereign immunity," and spends a not

---

[1]The USPS also misses the mark when it includes in its recitation of the standard for resolving motions to dismiss for failure to state a claim the statement that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  USPS Brief at 13 (citing *Szumny v. Am. Gen. Finance*, 246 F.3d 1065, 1067 (7th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  This language from *Conley* was, of course, "retired" by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007), and is no longer good law.

insubstantial portion of its initial brief setting forth the general principles of sovereign immunity.

However, it does eventually recognize, as it must, that Congress has, in fact, effected a broad

waiver of sovereign immunity with regard to suits against the USPS by providing in 39 U.S.C. §

401(1) that the USPS may "sue and be sued." Further, while the USPS asserts that "[a]ny waiver

of sovereign immunity must 'be strictly construed, in terms of its scope, in favor of the

sovereign,'" USPS Brief at 4, the Supreme Court has long "recognized that . . . such sue-and-be-

sued waivers are to be 'liberally construed' . . . notwithstanding the general rule that waivers of

sovereign immunity are to be read narrowly in favor of the sovereign." *FDIC v. Meyer*, 510 U.S.

471, 480 (1994) (citations omitted). Accordingly,

> sue-and-be-sued clauses cannot be limited by implication unless there has been a
> clear showing that certain types of suits are not consistent with the statutory or
> constitutional scheme, that an implied restriction of the general authority is
> necessary to avoid grave interference with the performance of a governmental
> function, or that for other reasons it was plainly the purpose of Congress to use
> the sue and be sued clause in a narrow sense. Absent such a showing, agencies
> authorized to sue and be sued are presumed to have fully waived immunity.

*Id.* at 480-81 (citations and internal quotation marks omitted). Indeed,"'not only must we

liberally construe the sue-and-be-sued clause, but also we must presume that the Postal Service's

liability is the same as that of any other business." *Franchise Tax Bd. of Cal. v. Postal Service*,

467 U.S. 512, 520 (1984) (*cited in FDIC*, 510 U.S. at 481).

Like the FDIC, the USPS "does not attempt to make the 'clear' showing of congressional

purpose necessary to overcome the presumption that immunity has been waived" with regard to

the specific claims at issue in this case. *FDIC*, 510 U.S. at 481. Rather, despite its lengthy

discussion of the doctrine of sovereign immunity, the USPS does not really argue that it is

immune from Thayer-Ballinger's suit. Instead, it argues that, despite the waiver of sovereign

2

immunity, this Court lacks subject matter jurisdiction over this case because Thayer-Ballinger has failed to "identify a federal law that permits a federal employee to bring suit against her federal employer under a state statute that regulates the timing and method of wages."  USPS Reply at 2-3.

Thayer-Ballinger has, in fact, identified a statute that gives this Court jurisdiction over suits brought against the USPS:  39 U.S.C. § 409(a), which provides that "[e]xcept as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."  Of course, this jurisdictional grant does not carry with it any substantive rights; the right to assert a particular cause of action must be found elsewhere.  The USPS argues that in order for this Court to have jurisdiction over a claim brought against it, the substantive basis for the claim must be a federal statute.  The USPS cites no authority for this proposition, however, and neither the sue-or-be-sued clause nor § 409(a)'s jurisdictional grant are so limited.  Accordingly, it appears that this Court does have subject matter jurisdiction over this case.[2]

_____

[2]In so ruling, the Court is not also ruling that the provisions of the Indiana statute necessarily will be the applicable law in this case.  Thayer-Ballinger's claim is that the USPS has failed to pay her wages she is owed.  Her complaint is, indeed, brought pursuant to a particular Indiana statute that establishes the duty of employers to pay their employees' wages in a prompt manner.  This case therefore is analogous to *Powers v. United States Postal Service*, 671 F.2d 1041 (1982), in which a landlord filed suit against his tenant, the USPS, seeking ejectment pursuant to an Indiana statute.  The Seventh Circuit defined the issue in *Powers* as whether "state law or federal common law is to be used to decide a dispute between the United States Postal Service, as tenant, and a private landlord, concerning the landlord's right to terminate the lease for nonpayment of rent."  After a lengthy analysis, the court concluded that it was appropriate to apply the Indiana statute in that case.  As the opinion in *Powers* makes clear, the issue of whether state or federal law should be applied in this case is a complex question that the USPS has not addressed in the instant motion.  However, *Powers* also makes it clear that this Court's *jurisdiction* over Thayer-Ballinger's claims is not dependent on whether she can point to a *federal statute* that provides a substantive basis for her claim, as there clearly was no such

The USPS next argues that Thayer-Ballinger's claim has been preempted by the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7501 *et seq.* "Federal preemption is an affirmative defense upon which the defendants bear the burden of proof." *Fifth Third Bank ex re. Trust Officer v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005). The USPS has not satisfied that burden with its briefs in support of the instant motion.

The USPS's preemption argument is based on the fact that 39 U.S.C. § 1005(a)(1) expressly provides that Chapter 75 of the CSRA, which sets forth a comprehensive system for reviewing adverse personnel actions taken against federal employees, *see U.S. v. Fausto*, 484 U.S. 439 (1988), applies to USPS employees. The problem with this argument is that it is not readily apparent from the allegations in her complaint that the failure to pay wages alleged by Thayer-Ballinger constitutes an adverse action that is covered by Chapter 75. The USPS points to the broad definition of "personnel action" contained in 5 U.S.C. § 2302(a)(2)(A)(ix), which includes "a decision concerning pay, benefits, or awards." However, that definition is premised by the phrase "[f]or purposes of this section" and thus, by its express terms, applies only to 5 U.S.C. § 2302; in any event the term "personnel action" does not appear in Chapter 75. Chapter 75 does apply to "reductions in pay," but inasmuch as "pay" is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee," it is not at all clear that Thayer-Ballinger is alleging that her "pay" was "reduced," as opposed to, for example,

---

federal statute in *Powers* and yet the Court noted (without further comment) that Powers had "based federal jurisdiction on 39 U.S.C. § 409(a), which gives the federal courts, concurrently with the state courts jurisdiction over suits by or against the Postal Service." *Powers*, 671 F.2d at 1042.

improperly calculated or withheld as a result of a clerical error.[3]  The USPS has not shown that the CSRA preempts *all* claims by a Postal Service employee against the Postal Service arising out of her employment relationship, and the Court simply does not have sufficient information regarding the specific nature of Thayer-Ballinger's allegations at this time to determine whether her claim is preempted.

Finally, the USPS argues that the Indiana Wage Payment Statute is not intended to apply to federal employers because the federal government is not referenced in what the USPS terms the definition of "employer"[4] contained in Ind. Code 22-2-6-1.  The USPS fails to recognize that the "definition" in question is prefaced by the phrase "[f]or purposes of this chapter" and that the Indiana Wage Payment Statute appears in the preceding chapter; therefore, even if 22-2-6-1 could be read to exclude the USPS from the definition of employer, that definition would not be relevant to the Indiana Wage Payment Statute.  This is especially true in light of the fact that the Indiana Wage Payment Statute does not use the term "employer" to define who is subject to it; rather, it expressly applies to ""[e]very person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana."  Ind. Code 22-2-5-3.  Ind. Code 1-1-4-5(17), in turn, defines "person" to include "bodies politic."

For the reasons set forth above, the Court finds that it has subject matter jurisdiction over

---

[3]It is entirely possible that such claims are themselves preempted by some statutory or regulatory scheme that applies to the USPS, but the USPS does not so argue in the instant motion.

[4]The statutory provision in question does not actually define the term employer, but rather provides that the term "shall also include the state and any political subdivision of the state."  Ind. Code 22-2-6-1.

this case and that the USPS has not demonstrated that Thayer-Ballinger's claims are preempted by federal law because at this stage in the litigation it is not clear precisely what those claims are. Accordingly, the USPS's motion to dismiss is **DENIED**.

SO ORDERED:  01/26/2012

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Pamela Thayer-Ballinger**
**2769 SE County Road 18**
**Lake City, FL 32025**

Copies to all counsel of record via electronic notification