UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA THAYER-BALLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:11-cv-745-WTL-TAB |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Defendant's motion for summary judgment. Dkt. No. 46. The Plaintiff is proceeding *pro se* in this case and was provided with the notice required by this Court's Local Rules. The Plaintiff did not respond, and the time for doing so has now passed. Accordingly, the motion is ripe for ruling, and the Court rules as follows.

**I.    STANDARD**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court accepts as true the admissible evidence presented by the non-moving party and draws all reasonable inferences in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required

to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.   BACKGROUND

The facts of record, relevant to the instant motion and taken in the light most favorable to the non-moving party, are as follow.

In 2010, Plaintiff Pamela Thayer-Ballinger was employed by Defendant the United States Postal Service ("USPS") as a Supervisor of Distribution Operations in the Mail Processing Annex in Bloomington, Indiana. On November 19, 2010, Thayer-Ballinger became unable to work and began an extended leave from work. Thayer-Ballinger ultimately retired from the Postal Service in November 2012.

On April 4, 2011, through her attorney, Thayer-Ballinger sent a letter to her supervisor demanding payment for 297 hours of "straight time" and 196 hours of "premium time," for a total of $18,316.77. On June 2, 2011, Thayer-Ballinger filed suit in this Court, alleging the same amount for the same period was owed her.

In her deposition, Thayer-Ballinger agreed that she was owed neither "premium time" nor wages after November 19, 2010. Instead, Thayer-Ballinger indicated that she believes she is entitled to "straight time" and "out of schedule premium" pay for the period of January 1, 2010, through November 19, 2010.[1]

In early 2011, Thayer-Ballinger filed a complaint of discrimination with the EEOC. In her complaint, she alleges that she was discriminated against on the basis of age, retaliation, and disability. According to Thayer-Ballinger, she was harassed by her supervisor and she was not

---

[1] As best the Court can tell from the provided portions of Thayer-Ballinger's deposition, her claim is simply that she was not paid for hours worked; the Court does not read the deposition to suggest a clerical error or improper rate of pay.

paid for the extra time she worked. On January 31, 2011, the EEOC accepted Thayer-Ballinger's claim for investigation. As of February 7, 2013, Thayer-Ballinger's claim with the EEOC was "currently pending."

On January 26, 2012, this Court denied the USPS's motion to dismiss Thayer-Ballinger's claims. The USPS now moves for summary judgment on the ground that Thayer-Ballinger's claim under the Indiana Wage Payment Schedule is preempted.

### III. DISCUSSION

This is an unusual case. On its motion to dismiss, the USPS sought dismissal on a purely legal basis, but failed to sufficiently articulate that basis. On the instant motion for summary judgment, the USPS again asserts that the Plaintiff's claims fail for a purely legal reason. And yet, even after this second bite at the apple, the Court must again deny the USPS's motion, unopposed though it is. Even when a party fails to respond to a motion for summary judgment, the Court may grant summary judgment only "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). The USPS has not shown that it is entitled to summary judgment.

#### A. Indiana Wage Payment Statute Claim

Thayer-Ballinger alleges that the USPS violated the Indiana Wage Payment Statute, Ind. Code § 22-2-5, when it failed to pay her due and owing wages on demand. The USPS moves for summary judgment on the ground that the employment provisions in the Postal Reorganization Act ("PRA"), 39 U.S.C. 1001, *et seq.*, preempt her claim under the Indiana statute, and, furthermore, the process provided under the PRA for her claim does not include judicial review.

Preemption analysis "begins with a presumption *against* preemption and focuses first on the text of the statute." *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health*,

3

699 F.3d 962, 984 (7th Cir. 2012) (emphasis in original). Preemption can be express – that is, found in the text of the statute itself – or implied.

> Implied preemption comes in two types: (1) field preemption, which arises when the federal regulatory scheme is so pervasive or the federal interest so dominant that it may be inferred that Congress intended to occupy the entire legislative field; and (2) conflict preemption, which arises when state law conflicts with federal law to the extent that "compliance with both federal and state regulations is a physical impossibility," or the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012)) (internal quotation marks and citations omitted).

*Id*. As this Court has already noted in denying the USPS's motion to dismiss, preemption "is an affirmative defense upon which the defendants bear the burden of proof." *Fifth Third Bank ex rel. Trust Officer v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005).

The USPS has not satisfied that burden with its brief in support of the instant motion. In support of its argument, the USPS attempts to resurrect one of its losing arguments from its motion to dismiss. According to the USPS, Thayer-Ballinger's claim for unpaid wages must be brought pursuant to Chapter 75 of the Civil Service Reform Act ("CSRA"), which is incorporated as to certain postal employees by the PRA. 39 U.S.C. § 1005(a)(4)(A)(ii). Yet, the USPS fails to breathe life into its theory because it does not address the reasons the Court rejected that argument the first time:

> The problem with this argument is that it is not readily apparent from the allegations in her complaint that the failure to pay wages alleged by Thayer-Ballinger constitutes an adverse action that is covered by Chapter 75. . . . Chapter 75 [applies] to "reductions in pay," but inasmuch as "pay" is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee," it is not at all clear that Thayer-Ballinger is alleging that her "pay" was "reduced," as opposed to, for example, improperly calculated or withheld as a result of a clerical error.

Entry on Mot. to Dismiss at 5, No. 26. The USPS has not pointed to any fact or law that could support a conclusion that Thayer-Ballinger's claim is covered by Chapter 75 of the CSRA. Thus,

4

the comprehensive system of review in the CSRA notwithstanding, *see United States v. Fausto*, 484 U.S. 439 (1988), it has not shown that her claim under Indiana wage statute is preempted by the CSRA.

Perhaps recognizing the Court's footnote in its prior Entry – "[i]t is entirely possible that such claims are themselves preempted by some statutory or regulatory scheme that applies to the USPS, but the USPS does not so argue in the instant motion," Entry at 5 n.3, No. 26 – the USPS also argues that Thayer-Ballinger's claim was reviewable under the provisions of the Employee and Labor Relations Manual ("ELM") created by the USPS pursuant to regulation. 39 C.F.R. § 211.2(a)(2); 39 U.S.C. § 401(2). According to the USPS, section 652.4 of the ELM, entitled "Other Appealable Actions," sets forth the review process for Thayer-Ballinger's unpaid wage claim. As initial matter, the Court is not convinced that section 652.4 is the applicable section, both because it pertains to appeals and given the context of the reviewable actions described in section 652.2, which are characterized as "adverse actions."[2] Regardless, assuming that that section – or any other section of the ELM, for that matter – applies, the USPS has not articulated how the ELM, as incorporated into the PRA, preempts state wage claims. The USPS cites no case supporting such a theory, nor does it independently craft a theory of preemption. In fact, it does not even hint at the type of preemption it believes is implicated. It is entirely plausible that Congress has in fact enacted legislation such that the USPS is not at the mercy of 50 different states' wage payment laws. Yet, the USPS simply has not demonstrated that to be the case and it

---

[2] Furthermore, USPS human resources manager John Monser's affidavit is an inappropriate vehicle to analyze the meaning and applicability of that section, which is a question of law.

would be inappropriate for the Court to do so in its stead. Summary judgment on Thayer-Ballinger's claim in favor of the USPS therefore cannot be granted.[3]

### B. Title VII Preemption

In the alternative, the USPS argues that Thayer-Ballinger's claims are preempted by her Title VII claims. While it is true that Thayer-Ballinger's EEOC Complaint raises in part the same issues – she was not paid for "extra time" – that fact is not fatal to Thayer-Ballinger's claim for unpaid wages. While Title VII precludes alternative claims for actions amounting to employment discrimination, it does not preempt independent bases for suit. Rather, "[t]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently [her] rights under both Title VII and other applicable state and federal statutes." *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 459 (1975), *quoted in Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 401 (7th Cir. 2007). Accordingly, Thayer-Ballinger's claim for unpaid wages – whether under the Indiana Wage Payment Statute or an applicable section of the PRA – is not preempted by her Title VII claim.

### IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment is **DENIED**.

SO ORDERED:  05/29/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[3] Because the Court is unable to find that Thayer-Ballinger's claim must arise under the PRA, it need not, and does not, determine whether the PRA provides for judicial review of her claim.

6